Clerk will call the next case. 313-0697, People who Stares at a Woman, Adelaide by Mark Oxford v. Robert Nunn Sr., appellate by Kelly Craig. Ms. Craig, you may have the seat. Good afternoon, Your Honors. May it please the Court, Counsel. I am Kelly Craig from the Office of the State Appellate Defenders on behalf of the defendant, Robert Nunn Sr. There are three issues in this case, a reasonable doubt issue, an unfair trial issue, and a cost issue. Today I will primarily focus on Issue 2, but I am prepared for questions on any of the issues. Mr. Nunn respectfully requests that this Court reverse his conviction outright because the State failed to prove beyond a reasonable doubt all of the elements of the offense. In the alternative, Mr. Nunn requests that this Court reverse his conviction or remand for a new trial because he was denied his right to a fair trial based on the actions of the trial judge and defense counsel. In the event that this Honorable Court does not grant the requested relief, he asks for a monetary relief under Issue 3, to which the State has confessed error. Mr. Nunn was denied a fair trial by the actions of the judge and defense counsel, which resulted in the jury's learning that Nunn previously had been the defendant in a prosecution involving a shooting death, without learning that Nunn had been acquitted of that charge. First, I will discuss how the trial court abused its discretion in allowing the State to introduce testimony that the victim, Levi Conway, testified against Nunn in a case involving a shooting death. Then, I will discuss how defense counsel misunderstood the Court's ruling and failed to introduce evidence that Nunn was acquitted. She also failed to request a limited instruction. Just a reminder as to the facts in this case, Conway testified against Nunn in January of 2013. In March of 2013, Conway alleged that in this case, Nunn approached him in March, pointed a gun at him, and chased him. The State was required to prove that Nunn, with the intent to harass Conway because of his testimony as a witness, conveyed a threat to the person of Conway. Defense counsel filed a motion in limine that the State be precluded from mentioning that the underlying case was a first-degree murder. The defense counsel argued that all the jury should know was that Conway had testified against Nunn in a previous hearing as a witness. The State argued that it was relevant and probative to tell the jury that the underlying case was first-degree murder instead of something more minor such as retail theft because it explained defendant's motive to get even with Conway. Defense counsel argued that the State was trying to bolster its current prosecution by showing that the defendant had pulled a gun on Conway because Nunn had been accused of shooting another individual in the prior case. The judge ruled that there could be no mention of first-degree murder, but he did rule that the State could reference the previous case as a shooting death or a death involving a firearm. The judge barred the State from mentioning the defendant was acquitted in the first case unless, quote, that door was opened by the defense. At trial, Conway testified that in the previous case he was a witness and Mr. Nunn was the defendant in a prosecution in a case where somebody was shot and they died. Defense counsel then never elicited evidence that defendant had been acquitted of the underlying murder charge. Moreover, she erroneously thought that she was barred from doing so. At the hearing on the motion for new trial, defense counsel argued that the trial judge erred in not allowing testimony at trial that the defendant was found not guilty to what the victim testified to. The trial judge abused its discretion when it allowed the State to introduce the highly prejudicial testimony that Conway had been a witness against defendant in a prosecution involving a shooting death. Telling the jury that the previous case involved a shooting death is prejudicial and served no other purpose than to demonstrate defendant's propensity to commit crimes while carrying a gun. Initially, the court found that it was okay that it was relevant to say that the name of the case was People v. Nunn. That would have fulfilled the elements of the offense and that the person had to threaten or harass a witness. But then, once the trial court learned that the death in the prior case was due to a handgun... Why would that be necessary? In order for the State to prove all the elements of the offense of harassment of a witness, they would somehow have to bring in that the person that was harassed was a witness. I mean, you said it's okay to say the case was People v. Nunn, right? That's what the judge said, that that part was okay and relevant. Okay, I was just asking why. All that really would have had to come in was that Conway was a witness in some capacity in a previous hearing. They didn't have to bring in a testimony that it was a trial or that Nunn was defendant or any of this. That it was even a criminal matter? No, it didn't have to be criminal. And to identify the case itself tells you that? Correct. Once the judge learned that the death in the prior case was due to a handgun, he said the State could call it a shooting death because it set the stage for this case. The judge said he was okay with letting in the part about the gun because, quote, in the first case it involved a firearm. It involved a handgun. In the second case, the allegations involve a firearm, a handgun.  And that following that case, without mention of acquittal, he, Conway, was confronted on a public place, the sidewalk, and yet another gun, a gun again, was displayed to him by the same person that he testified against. The prejudice of allowing in this statement far outweighed any relevance. First of all, to a jury, the term shooting death is synonymous to murder. This was in no way, the judge said that he was splitting the baby by allowing this term to come in, but this term is in no way better than using murder. Furthermore, the judge found it was relevant to talk about the shooting death in the original case because there was a gun again in the incident case. The jury likely had the same thought. They likely thought, well, he had a gun in the first case, and certainly he must be guilty of the present case because he had a gun again. Other crimes evidence is generally inadmissible at trial because it can overpersuade the jury, leading them to convict the defendant because he is a bad person deserving of punishment. The only information that the jury needed to know was that Conway testified against none in a previous case. That was it. The state's argument that none had more of a motive to harass Conway based on the type of case for which he was originally tried lacks merit. First of all, none was acquitted of the underlying case. And secondly, as Justice Holdridge pointed out, any case, even a civil case, could be enough of a reason for a defendant to harass a witness. Such as in People v. Berg, which was a custody case where a defendant threatened a social worker. The state could have brought in evidence some other way to try to prove their case that Conway's testimony was somehow essential or particularly unfavorable. They did not do that. The trial judge abused his discretion in allowing the prior prosecution to be referred to as a shooting death because it was prejudicial and it served no other purpose than to demonstrate none's propensity to commit a crime that involved a handgun. Mr. None received ineffective assistance of counsel where his attorney misunderstood the trial court's ruling and failed to introduce evidence that he was acquitted of the underlying crime. And where she failed to request a limiting instruction to try to help mitigate the damage once the judge allowed the jury to hear that he was a defendant in a shooting death. Counsel's failure to introduce evidence of the acquittal could not have been trial strategy because she misunderstood the ruling. At the hearing on the motion for new trial, it's clear that she would have liked to introduce evidence that None had been acquitted. But she clearly misunderstood it and thought she was barred from doing so. This was an erroneous belief because the judge clearly stated that it could come in if defense counsel opened the door. Illinois courts have consistently maintained that where a defendant has been acquitted of an offense admitted as other crimes evidence, fairness generally requires a court to allow evidence of the acquittal. Defense counsel failed to mitigate the prejudice caused by the evidence led in that the defendant was a defendant in a shooting death. She could have requested a limiting instruction, for example, the first two paragraphs of IPI 3.14, which would have instructed the jury that the evidence could only have been used for motive or intent. Without it, the jury could have, and perhaps did, use Mr. None's involvement with the shooting death as an excuse to try to help mitigate the damage. The defense counsel's motion to eliminate should have been granted as requested, but when it wasn't, counsel should have acted to mitigate the prejudice. Mr. None received ineffective assistance of counsel when defense counsel failed to both introduce evidence the defendant was acquitted and request a limiting instruction. For the foregoing reasons, Mr. None respectfully requests that this honorable court reverse his conviction outright because the state did not prove the elements of the offense beyond a reasonable doubt. In the alternative, he requests that this honorable court reverse his conviction and remand for a new trial because he was denied a fair trial due to the actions of defense counsel and the trial itself. Mr. None requests monetary relief under Issue 3 if relief is not granted elsewhere. Any further questions? Thank you. Do you have police support? I do. I'll go ahead and follow her pattern and the arguments that she presented. The defendant argues that the trial judge abused his discretion when the judge allowed the people to introduce testimony that Levi had been a witness against the defendant in a trial regarding the shooting death. And his main brief, the defendant asserted his motion to eliminate to exclude all reference to the prior trial should have been granted exactly as requested because it was prejudicial to inform the jury that the trial judge had abused his discretion when the judge allowed the people to introduce testimony that Levi had been a witness against the defendant in a trial regarding the shooting death. The fact that the prior trial centered on the shooting death was relevant and probative in this case because this fact informed the jury that the defendant's prior trial regarded a serious crime that involved a shooting, which supported Levi's belief that the defendant intended to shoot Levi due to his prior testimony. The trial judge did a balancing and in his discretion the judge allowed that evidence that the prior trial involved a shooting death. The judge felt informing the jury that the defendant had been charged with an acquittal of murder would indicate to the jury that the defendant was out for vengeance against Levi. The people submit that admitting this evidence about a murder and acquittal would have been prejudicial to the defendant. Other crimes evidence, of course, can be admitted when it proves any material fact other than propensity that is relevant to the case. It's also admissible to prove intent, motus operandi, identity, motive, and absence of mistake. Any reference to the prior criminal trial of the defendant necessarily carries some potential for prejudice. However, in this case, informing the jury that Levi testified against the defendant at a trial involving a shooting death was at least relevant and admissible to show the defendant's intent and motive for harassing Levi. The jury did not hear that the defendant was tried for first-degree murder or even that the defendant was accused of being the shooter. Had Levi testified against the defendant in a case involving a nonviolent crime or a petty offense where no gun was used, the type of crime at issue in the prior trial may not have been relevant or probative as to the defendant's intent and motive to harm Levi with a gun. But isn't, I mean, how is it any, how would any other evidence be any less relevant in a different, you know, like Pupil v. Berger was a custody proceeding. If the crime is harassing or intimidating a witness because they've testified, then it doesn't matter if the testimony is regarding a shooting death or a gunshot wound. It's more probative that the prior trial involved a shooting death. What are the elements of this offense? I mean, we're talking about crimes. I mean, you can harass a witness who's testified in a boundary dispute on your house. Well, true, that's correct. What does any of that matter? Doesn't it really come down in these types of cases, the person says, so-and-so harassed me, how did they harass you? They harassed me this way. It has nothing to do, you have to have an element of a hearing, a setting, but what does the description of a setting have anything whatsoever to do with the harassing act? The setting can set the stage for the type of harassing act. Oh, well, that would, that, the, for instance, we're talking about the first element is intent, and the intent can be shown through the type of prior trial action. Maybe the intent to make a phone call to have the police arrest you for DUI is not shown as strongly in a criminal case as it would be in a civil case. But in a criminal case like this where a gun is used, and he clearly intended to at least shoot the man, he chased him down the block pointing a gun at him. So he may not have intended to kill him, but he certainly intended to do some sort of harm by chasing him. Well, harassing is a pretty broad term. Just chasing you, if you testified against me and I chase you, that's harassment. It is, correct. So the action, the intent is he chases him and pulls a gun on him in this instance. I don't understand how that, how you bootstrap the under, the previous action to that intent, and then you get to the, I intended to harass, and the person, why? Because this person was a witness and testified in a proceeding. So I don't know that, I mean, what happened in the other proceeding, other than the fact that it happened, that you have to have that to even charge this, that there was another proceeding, how that goes to the intent. Any proceeding would go to the intent, Your Honor, that's correct. And so whether this particular mentioning that it was a shooting and a death was more probative, I believe it was, it certainly was relevant. Any case, of course, as you're saying, would have been relevant to any prior action, whether it was a civil or a criminal action. But we're dealing with pulling out a gun in this case. He hadn't seen the witness for nine weeks since the trial, and he says to him, long time no see, and he pulls out a gun. So we're talking about, this is probative, why would he pull a gun on him if he had testified against him in a DUI, not a DUI case, but just any kind of simple lesser offense type case, a trespassing case, whatever it may happen to be. It's still relevant, but it's not particularly probative to why he would have pulled out a gun, and certainly, because the earlier trial was about a shooting, that's more probative than a different type of case. And that's what this particular judge found, and we have to remember, in this case, Levi testified that only, he said this, quote, somebody was shot and they died, end quote. He didn't say the defendant shot him. The jury only heard his vague testimony regarding the subject of the prior trial. So in his reply brief, the defendant cites the people of Barnes, excuse me, and asserts this type of evidence, invited the jury to convict the defendant for being a bad person. But the Barnes court stated, quote, evidence by the state having no tendency to prove the issue being tried and serving only to cause the jury to believe that a defendant is a bad person is improper impeachment, end quote. And Barnes is not applicable here because this was not impeachment evidence, and the fact that the defendant had been tried in a case involving a shooting death had a tendency to prove the issue being tried in this case. Most people argue that the trial judge did not abuse his discretion in allowing that Levi had been a witness against a defendant in a trial involving a shooting death. Is there a fairness issue here? Maybe that's not relevant to much, but is there a fairness issue in not presenting the equivalent? I believe in not presenting, not allowing the equivalent. Or the attorney not bringing it up, I guess. Maybe that's not quite fairness. You're discussing the third issue about ineffective assistance. I'm just going to go into that, but no, I don't think there's a... the trial attorney did not have to put on the issue of acquittal because it was obvious from the fact that the defendant was not in jail at the time of this offense. So what the defendant argued was the trial counsel provided... Why was it obvious? Because we had the evidence from Levi himself, the defendant was on the street and had a gun, and we had defendants own witnesses, so he wasn't even there. He was somewhere else at a party drinking alcohol. So if he had been tried and convicted of a shooting death, a shooting offense of any kind, the jury would have reasonably believed that he would have been in jail. But the jury reasonably would have... That's not... I submit that the juries would not necessarily have gone in that direction. They would probably have presumed... More likely, yes. Yes, yes. I believe that would be more likely. The defendant is saying that the failure here to introduce evidence of the acquittal could not have been trial strategy. However, at the hearing on the defendant's motion for a new trial, trial counsel stated that she had attempted through the motion in limine to keep out all reference to the defendant's prior trial. And prior to trial in this particular case, the trial judge instructed the parties they could inform the jury only that the defendant's prior trial reached a disposition and that it concluded. The trial judge instructed, quote, we will not mention its acquittal unless the door is open to the public. And we can say that the case reached disposition. The trial judge explained, if anyone informed the jury the defendant had been acquitted of a murder charge, quote, it would tend to work against the defendant because it would imply that he had escaped some sort of accountability and that he was out for some sort of vengeance, end quote. Thus, it's clear that the defendant's trial counsel did not misunderstand the judge and it was a matter of trial strategy to refrain from telling the jury that the defendant had been acquitted. Further, as we've mentioned, the defense counsel did not have to bring this up because the witness has already presented that evidence that the defendant was not in jail. The defendant also asserted that trial counsel should have requested a jury instruction. In his brief, this argument was raised, IPI 3.14. In a patterned jury instruction, the defendant proposes would have called attention to the fact that the defendant had been tried for shooting death and informed the jury they could consider that fact to establish the defendant's intended motive in this case. Clearly, it would not have been in the defendant's best interest to request that particular instruction. So it was proper trial strategy not to emphasize the defendant's prior trial. Thus, regarding the defendant's claim that counsel should have requested a proposed jury instruction, the defendant cannot show either strickling problem. People asked this court to affirm the defendant's conviction for harassment of a witness. The defendant didn't do a reasonable doubt argument. I would be happy to briefly go through that. The harassment of a witness statute states that a person is guilty of the offense of having the requisite intent. He or she communicates with a witness in such a manner as to produce mental anguish or emotional distress or conveys a threat of injury or damage to the person or property of the witness. The statute states the communication from the defendant to the victim may be direct or indirect. At the trial in this case, Levi testified that he had not seen the defendant's face. Levi testified to the defendant after the defendant's January 10, 2013 trial until the date of the incident in issue. In this case, Levi testified that on March 16, just nine weeks later, the defendant said to Levi, quote, long time no see. I bet you didn't think I was going to catch up with your bitch ass, end quote. This was nine weeks after the trial. They had not seen each other in between. The defendant then pulls out a gun, points it at Levi, and chases him down a block while pointing the gun at him. People submit that the defendant's words and acts were, at the very least, an indirect communication to Levi that the defendant intended to shoot Levi because nine weeks earlier, Levi had testified against the defendant regarding the shooting death. In his brief, the defendant cited People v. Butler for the proposition that harassment of a witness is a specific intent crime. In our Supreme Court, in People v. Foster, which he was quoting Terrell, stated, quote, a jury can infer intent from the character of the defendant's acts and the circumstances surrounding the commission of the offense. The defendant is presumed to intend the natural and probable consequences of his actions, end quote. The defendant is not even required to state to the victim that he is harassing the victim because they testified or will testify against the defendant. Our Supreme Court in Cardamone or Cardamone, however it's pronounced, said the person harassing the witness does not even have to identify himself or herself. Therefore, Levi's belief as to why the defendant aimed a gun at him did not have to be supported by an announcement that the defendant was going to shoot Levi because of his testimony. Thus, the evidence presented at the trial proved the defendant guilty beyond a reasonable doubt of harassment of a witness. Your Honor, do you have any other questions? Thank you, Mr. Astell. Ms. Craig for Paul. I just want to respond to the argument that the trial court judge made when he said that the trial judge thought that if he were to say that the defendant was acquitted of a murder charge, that it would tend to work against the defendant because it was implied that he had escaped accountability. In all due respect, that wasn't the judge's determination to make, that was defense counsel's. And in the hearing on the motion in Lemonade, she argued, because they want to tie it into the fact that it was a murder case, even though he was acquitted of it, why is he going to go after these people? Why would he? He was acquitted, he was found not guilty, he had no reason to. And that's what I would have thought as a juror is, you know, he was acquitted, why would he chase someone with a gun? And if the jurors had been told that, perhaps they would have had the same thought. I'd also argue that the jury doesn't know about felony murder, so if they had heard defendant in a prosecution involving a shooting death, they're going to think murder, that guy shot a gun and killed someone. Also, as Justice Holdrege pointed out, it was not obvious that he was acquitted just because he was not in custody, he could have been out on bond. As far as the ineffective assistance of counsel, hearing that the defendant was involved in a shooting death was not something the jurors would have easily forgotten. So bringing in that the testimony could have only been used for motive or intent was not something the jurors would have easily forgotten. So I would not have drawn additional emphasis to it, because it was unforgettable and it was prejudicial and it was used as propensity evidence. In addition, oh, that is all I want to respond to, unless you have anything you would like to add. I don't think so, I think we're finished. Thank you, Ms. Craig. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you as soon as possible. And we will stand at a brief recess until 1.15.